## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1. CHARLES DUPREE JR. | ) | |
| 2. CHARLES DUPREE III | ) | |
| 3. WINFRED DUPREE | ) | |
| Plaintiffs, | ) | CIV-15-118-M |
| v. | ) | |
| 1. McJUNKIN RED MAN CORP., d/b/a MRC | ) | Jury Trial Demanded Attorney Lien Claimed |
| Defendant. | ) | |

## COMPLAINT

**COME NOW THE PLAINTIFFS,** and for their causes of action herein allege and state as follows:

## PARTIES

1.    The Plaintiffs are:

    A.    Charles Dupree Jr., an adult resident of  Oklahoma County, Oklahoma.

    B.    Charles Dupree III, an adult resident of Oklahoma County, Oklahoma.

    C.    Winfred Dupree, an adult resident of Oklahoma County, Oklahoma.

2.    The Defendant is McJunkin Red Man Corpoartion, d/b/a MRC Corporation, a business entity doing business in various counties throughout Oklahoma, including Oklahoma County, Oklahoma.

## JURISDICTION AND VENUE

3.    Plaintiffs' causes of action are for age and race discrimination, as well as  retaliation for complaining of such discrimination, which arise under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, and the ADEA, as well as for state law claims arising from the same facts under the Oklahoma Anti-Discrimination Statute (OADA).

1

4.   Jurisdiction over the federal claims is vested pursuant to 42 U.S.C. § 2000e-5(f), 29 U.S.C. 626(c), and 28 U.S.C. §1331.  The state law claims arise out of the same core facts, and jurisdiction over them is granted by 28 U.S.C. §1367(c).   All of the actions complained of occurred in Oklahoma County, Oklahoma, and the Defendant may be served in that county, such that venue is proper in this Court, 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. §1391(b).

## STATEMENT OF FACTS

5.   Defendant had Twenty (20) or more employees for each working day in each of twenty or more calendar weeks in each calendar year from 2012 to the present, and is an employer for the purposes of Title VII, the ADEA, 42 U.S.C. § 1981, and the OADA.

6.   Plaintiffs were employed at Defendant's Facility in Oklahoma City, Oklahoma:

    A.   Plaintiff Charles Dupree Jr.  was employed from approximately March 2011 until about May 5, 2014.

    B.   Plaintiff Charles Dupree III was employed from approximately November 2011 until about November 6, 2013.

    C.   Plaintiff Winfred Dupree was employed from approximately July 1, 2012 until May 5, 2014.

7.   Each of the Plaintiffs are African American males who performed their job in a satisfactory fashion.

8.   Each of the Plaintiffs held the qualifications required by Defendant for the positions each held.

9.   At the time of Plaintiff Charles Dupree Jr.'s termination, he was over the age of forty (40) years old.

10.  Following their respective terminations, each Plaintiff was replaced by a less experienced, Caucasian employee.

2

11. Beginning in 2013, and continuing through the end of Plaintiffs' employment, Defendant subjected Plaintiffs and other African American employees to a hostile work environment. Examples of such conduct include, but are not limited to the following:

   A. Plaintiffs and other African American males were subjected to "nigger" jokes approximately 2-3 times per week. Plaintiffs complained to their supervisor, Mr. Parker, that these jokes were offensive and unwelcome, but the jokes continued.

   B. Defendant drug tested the warehouse employees with the intent to "get rid of the black employees".

   C. Defendant placed a radio in the warehouse for the employees to listen to, but informed the Plaintiffs that they were not allowed to put on "their rap music", or the radio would be turned off.

12. Such conduct was objectively offensive and it personally offended each of the Plaintiffs.  Such conduct made the workplace abusive and hostile in that it caused each of the Plaintiffs to be uncomfortable, nervous, and anxious coming into work and during the work day.

13. Beginning in 2013 and continuing through the end of Plaintiffs' employment, Defendant started a practice of refusing to promote African American employees to positions for which they were qualified, and refusing to compensate African American employees at the same rate as the Caucasian employees.

14. Plaintiff Charles Dupree Jr. applied for a promotion to the position of Outside Sales approximately five times beginning in January of 2013 and continuing until the end of his employment. Each time Plaintiff applied for the position, Defendant selected a younger and less experienced Caucasian male for the position.

15. Around July 2013, Plaintiff Charles Dupree III complained to Davey Parker (Branch

3

Manager), Steve Gage (Regional Manager), and Joe Platt (Outside Sales Regional Manager) about the failure to promote his father, Plaintiff Charles Dupree Jr. In response, Mr. Parker said that Plaintiff Charles Dupree Jr. did not get the promotion because Defendant did not "want to subject him to racism in the field".

16.    Around July 2013, Plaintiff Winfred Dupree became the Warehouse Supervisor. While this position was considered a promotion in terms of responsibility and pay, Defendant refused to increase Plaintiff Winfred Dupree's pay.

17.    During the Summer of 2013, Plaintiff Charles Dupree III complained about Defendant's discriminatory pay practices to Davey Parker. Plaintiff Charles Dupree III specifically asked Mr. Parker why the African American employees were only being compensated at a rate of $10 per hour when the newer and less experienced Caucasian warehouse employees were compensated at a rate of $16 per hour. Mr. Parker refused to discuss pay with Plaintiff.

18.    Around November of 2013, Plaintiff Winfred Dupree learned that Defendant was giving raises to less experienced Caucasian employees. Plaintiff  contacted the Regional Human Resources Office to complain about the pay discrepancy. When Plaintiff Winfred Dupree asked why the Caucasian employees got a raise when their title was changed in the computer system but Winfred Dupree did not, Laura (HR) informed Plaintiff that it was up to his Branch Manager.

19.    Around November 6, 2013, Plaintiff Charles Dupree III was terminated by Davey Parker.  The stated reason for the termination was "time card fraud". Such reason is false and pretextual in that Plaintiff Charles Dupree III had been authorized to work a flex schedule that day but had been instructed to enter his regular work hours into the system. The real reason for Plaintiff's termination was his race and retaliation for this Plaintiff's complaints of discrimination.

20.    Around April 2014, Plaintiff Winfred Dupree complained to Mr. Parker that the

4

Caucasian employees were not doing what they were supposed to be doing on the job. Mr. Parker acknowledged the conduct of these employees, but failed to take any corrective action.

21. Around May 5, 2014, Plaintiffs Charles Dupree Jr. and Winfred Dupree were terminated for "time card fraud". Such reasons is false because neither Plaintiff committed time card fraud. Rather, Plaintiff Winfred Dupree entered his time as he had been instructed to do so, and Plaintiff Charles Dupree Jr. never entered time worked for the date in question. Thus, the reason is pretextual and the real reason for Plaintiffs' termination was their race and retaliation for Plaintiffs' complaints of discrimination.

22. As a direct result of Defendant's harassing and retaliatory conduct, the Plaintiffs have suffered, and continue to suffer, lost wages (including back, present, and front pay, along with the value of benefits associated with such wages), and emotional distress/dignitary harm symptoms including stress, anxiety, frustration, and similar unpleasant emotions.

23. Each of the Plaintiff's have exhausted all administrative requirements to filing suit under Title VII in that:

    A.    Plaintiff Dupree Jr. timely filed a charge of discrimination on August 5, 2014. The EEOC issued Plaintiff's right to sue letter for this charge on November 20, 2014, and Plaintiff received thereafter.

    B.    Plaintiff Dupree III filed his charge of discrimination with the EEOC on or about August 14, 2014. The EEOC issued Plaintiff's right to sue letter for this charge on November 20, 2014,and Plaintiff received such letter thereafter.

    C.    Plaintiff Winfred Dupree filed his charge of discrimination with the EEOC on or about August 14, 2014. The EEOC issued Plaintiff's right to sue letter for this charge on November 20, 2014, and Plaintiff received such letter thereafter.

Such actions also constitute exhaustion under the Oklahoma Anti-Discrimination Act (OADA) for Charles Dupree, Jr., and Winfred Dupree.

## COUNT I

Plaintiffs incorporate the allegations above and further allege:

24.   Termination on the basis of race is contrary to Title VII, 42 U.S.C. § 1981 and the OADA.

25.   Under Title VII and Sec. 1981, each of the Plaintiffs are entitled to compensation for lost earnings, past, present, and future, and for the value of the benefits associated with such earnings, as well as damages for emotional distress/dignitary harms.

26.   Because Defendant's actions were willful and in either malicious or reckless disregard of each Plaintiffs' rights, each Plaintiff is entitled to an award of punitive damages from the Defendant pursuant to 42 U.S.C. §1981a and Sec. 1981.

27.   Under the OADA,  Plaintiffs Charles Dupree, Jr., and Winfred Dupree are entitled to an award of liquidated damages for the lost wages of each through the time of trial.

## COUNT II

For Plaintiff Charles Dupree Jr.'s second cause of action, he incorporates the allegations set forth above and further provides that:

28.   Discrimination (including termination) on the basis of age is a violation of the Age Discrimination in Employment Act and the OADA.

29.   Under the ADEA, Plaintiff may recover lost wages, past, present, and future.

30.   Under the OADA, Plaintiff may recover his lost wages, past, present, and future, together with compensation for his dignitary harms and emotional distress, punitive damages, prejudgment interest, and attorney's fees.

31.   Because the actions of the Defendant were either in willful violation of Plaintiff's state and federally protected rights, or in reckless disregard of such rights, Plaintiff is entitled to an award of liquidated damages under the ADEA and punitive damages

under Oklahoma's public policy.

**WHEREFORE,** the Plaintiffs pray that they be granted judgment in their favor and against the Defendant on all of their claims, and that this Court grant the Plaintiffs all available compensatory damages, punitive damages, pre- and post-judgment interest, costs, attorney's fees, and any other legal or equitable relief allowed by law.

**RESPECTFULLY SUBMITTED THIS 2nd DAY OF FEBRUARY, 2015.**

s/Christine Coleman Vizcaino
Mark Hammons, OBA # 3784
Christine Coleman Vizcaino, OBA # 30527
HAMMONS, GOWENS, HURST & ASSOC
325 Dean A. McGee Avenue
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-6100
Facsimile: (405) 235-6111
E-mail:  mark@hammonslaw.com
          christine@hammonslaw.com
*Counsel for Plaintiff*

JURY TRIAL DEMANDED
ATTORNEY'S LIEN CLAIMED